UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIETRICH THOMAS,**    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-187** |
| **URSULINE ACADEMY, ET AL.,**    **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS[1]

Before the Court is the Defendants' motion to dismiss.[2] For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

On December 10, 2015, Plaintiff H.T. filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Defendants Ursuline Academy of New Orleans, Karen McNay, Alice Bairnsfather, Tess Belt, Jan Lancaster, and Jack Truxillo.[3] H.T.'s state-court petition alleges, *inter alia*, violations of the Equal Educational Opportunities Act and various federal civil rights statutes.[4] Defendants removed the action to federal court on January 7, 2016, and filed a motion to dismiss on February 3, 2016.[5] The Court denied the Defendants' motion on February 23, 2016, affording H.T. the opportunity to file an amended complaint to better marshal her claims.[6] H.T. filed an amended complaint on March 22, 2016,[7] after which the Defendants again filed a motion to dismiss,[8] which the Court now considers.

---

[1] Although the caption of this proceeding reflects the plaintiff is Dietrich Thomas, she appears only as the purported representative of H.T.
[2] R. Doc. 15.
[3] *See* R. Doc. 1-3.
[4] *Id.*
[5] R. Docs. 1, 8.
[6] R. Doc. 12.
[7] R. Doc. 14.
[8] R. Doc. 15.

1

## **LAW AND ANALYSIS**

This action involves the claims of H.T., a former student at Ursuline Academy of New Orleans, for violations of certain federal civil rights statutes and the Equal Educational Opportunities Act, among others. Dietrich Thomas, who is not a licensed attorney, purports to represent H.T., her minor child, in this action. Defendants argue the Court must dismiss the amended complaint because Thomas is not a licensed attorney and is unable to represent her daughter in federal court.[9]

Although the Fifth Circuit has not expressly addressed whether a parent may represent his or her child in federal court in a lawsuit alleging violations of the Equal Educational Opportunities Act and other federal civil rights statutes, the Fifth Circuit "has endorsed the principle that a 'non-attorney parent cannot appear . . . on behalf of a minor child.'"[10] In *Harris v. Apfel*, the Fifth Circuit pronounced a limited exception to this rule, finding that non-attorney parents may represent their minor children in the context of Social Security appeals.[11] The *Harris* court distinguished Social Security appeals, "which essentially involve a limited review of the administrative record, from other types of cases that 'involve . . . subjective criteria and [a] range of fact-finding.'"[12] "Such a distinction has been interpreted by at least one other district court within the Fifth Circuit 'as indicating that a non-attorney's representation of a child was prohibited for other types of claims.'"[13] Furthermore, the Court's research has not uncovered any other decisions by

---

[9] R. Doc. 15-1 at 3.
[10] *K.F. ex rel. Ruffin v. Houston Indep. Sch. Dist.*, No. H-06-1306, 2006 WL 2434478, at *1 (S.D. Tex. Aug. 22, 2006) (quoting *Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000) (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997); *Johns v. Cnty. of San Diego*, 114 F.3d 874 (9th Cir. 1997); *OseiAfriyie v. Med. Coll. of Pa.*, 937 F.2d 876 (3d Cir. 1991); *Meeker v. Kercher*, 782 F.3d 153 (10th Cir. 1986))).
[11] *Harris*, 209 F.3d at 417.
[12] *Wells v. Johnson*, No. 14-755-SDD-SCR, 2015 WL 5138279, at *2 (M.D. La. Aug. 28, 2015) (quoting *Harris*, 209 F.3d at 416).
[13] *Id.* (quoting *K.F. ex rel. Ruffin v. Houston Indep. Sch. Dist.*, No. H-06-1306, 2006 WL 2434478, at *1 (S.D. Tex. Aug. 22, 2006) (holding that a parent cannot bring IDEA, § 504, or § 1983 claims on behalf of minor child).

courts in this circuit in which a non-attorney parent was permitted to represent his or her minor child in federal proceedings.

As stated above, H.T.'s amended complaint asserts causes of action for federal civil rights violations and violations of the Equal Educational Opportunities Act, as well as others. Because this matter is not a Social Security appeal, in which Dietrich Thomas would be permitted to represent H.T. under the Fifth Circuit's decision in *Harris*, but instead is a civil action involving "subjective criteria and [a] range of fact-finding,"[14] the Court finds that Thomas may not represent H.T. in this matter. As a result, the Defendants' motion to dismiss must be granted and H.T.'s claims dismissed.

## CONCLUSION

**IT IS ORDERED** that the Defendants' motion to dismiss is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE**.[15]

New Orleans, Louisiana, this 6th day of May, 2016.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Wells v. Johnson*, No. 14-755-SDD-SCR, 2015 WL 5138279, at *2 (M.D. La. Aug. 28, 2015) (quoting *Harris*, 209 F.3d at 416).

[15] Because the Court has granted the Defendants' motion to dismiss, dismissing this matter without prejudice, Plaintiff's pending motion for leave to file an amended complaint (R. Doc. 16) and motion to compel (R. Doc. 17) are also **DISMISSED**.